UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD A. TABOR                                    CIVIL ACTION

VERSUS                                             NO. 06-9998

GAUBERT OIL COMPANY, INC., ET AL        SECTION "C" (5)

ORDER

This matter comes before the Court on motion for summary judgment and motion in limine to exclude the testimony of Dennis Howard filed by Gaubert Oil Company, Inc. ("Gaubert"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is appropriate and the motion in limine should be granted for the following reasons.

The plaintiff, Donald Tabor ("Tabor") filed this Jones Act and general maritime law claim for personal injuries allegedly sustained while working as a seaman for Gaubert assigned to its unmanned fuel/water barge, BRANT. Tabor claims to have been injured when he fell into an open manhole in the galley of the M/V LOWLAND 5,

1

a vessel owned by co-defendant Low Land Construction Company ("Low Land"). Both vessels were docked at the time. Tabor had gone ashore to buy groceries and was returning to the galley of the M/V LOWLAND 5, at the time of the accident. Gaubert had entered into a verbal charter with Low Land for the M/V LOWLAND 5 to transport the BRANT.

Gaubert seeks summary judgment on the issue of liability under the Jones Act based on the undisputed facts that it had no control over the vessel, had no notice of the open hatch, did not have the opportunity to repair the condition and could not have prevented the accident. It seeks to limit the testimony of the plaintiff's proposed expert because his opinion relies on regulations that do not apply to a vessel such as the M/V LOWLAND 5.

The plaintiff argues in opposition that the two vessels worked in tandem and that Gaubert arranged for his employee to use the M/V LOWLAND 5 in conjunction with their jobs. He claims that Gaubert violated its Jones Act duty to Tabor to provide a reasonably safe place to work because it did not inspect the M/V LOWLAND 5 "for hazards and to take precautions to protect the employee from possible defects." (Rec. Doc. 30, p. 7). The plaintiff claims that Gaubert could have known of the defect in the exercise of due care and had control and authority over the M/V LOWLAND 5

according to deposition testimony of the vessel's captain.  The plaintiff argues that the galley was being modified at the time and that the hatch should have been safeguarded and marked with warnings when open.

Low Land argues in opposition that Gaubert was negligent for failing to establish policies and procedures for working around open hatch covers and is negligent for inadequately training its employees in safe procedures.  (Rec. Doc. 29, p. 2).   It also argues that Gaubert should have known of the unsafe condition posed by the open hatch and that its employees would be exposed to the condition.  Low Land relies on the plaintiff's deposition testimony that Gaubert disfavored employees who raised safety issues and did not follow up on safety issues.

The Jones Act requires that the employer of a seaman provide him with a reasonably safe place to work.  *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989); *Alfred v. Hornbeck Offshore Services*, 2005 WL 517493 (E.D.La.)(J. Fallon).  The employer must have notice and the opportunity to correct the unsafe condition before it can be liable.  *Id.*  The standard of care is based on what the employer knew or should have known.  *Id.*  A Jones Act employer does not breach the duty to provide a reasonably safe place to work if it does not have notice and an opportunity to correct the unsafe condition.  *Id.*  See also *Mastrodonato v. Sea Mar, Inc.*, 2000 WL 1693662

(E.D.La.)(M. J. Shushan).

The plaintiff relies on two cases in which a Jones Act employer was held liable for injuries sustained by a seaman who fell into an opening in the floor of the vessel, *Ribitzki v. Canmar Reading & Bates, Ltd. Partnership*, 111 F.3d 658 (9th Cir. 1996)[1] and *Roulston v. Yazoo River Towing, Inc.*, 418 F.Supp. 2d 851 (W.D. Miss. 2006). The *Ribitzki* court relied on the undisputed rule that a Jones Act employer's duty extends to the ship of a third party if the employer sends the seaman to work there, relying on Davis v. Hill Engineering, Inc., 549 F.2d 314, 329 (5th Cir. 1977), overruled on other grounds *Culver v. Slater Boat Co.*, 688 F.2d 280 (5th Cir. 1982) and *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1977). The *Ribitzki* court found that the employer could be liable because it had constructive notice of the unsafe condition, because it "ought to have known about or discovered he alleged dangerous conditions" and because the employer had "an implied duty of reasonable inspection" of the third party's vessel "'to take precautions in order to provide its employees with a safe working place.'" *Id.*, 111 F.3d at 663, quoting *Shenker v. Baltimore & Ohio R.R. Co.*, 374 U.S. 1, 8 (1963). In *Roulston*, the Court found that the Jones Act plaintiff must show that the dangerous condition involving the

---

[1] The Court is assuming that the *Ribitzki* case was not amended on appeal in any relevant respect.

manhole cover was either created by the defendant or that it existed at a time when the employer should have been able to discover the condition through a reasonable inspection of the barge," but that the ship owner has no duty to warn about known dangers.  *Id.*, 418 F.Supp.2d at 856-857.

In this matter, however, the removal of the manhole cover was a transitory dangerous condition and the plaintiff can not show that an inspection of the area at an earlier date would have revealed the dangerous condition or allowed the requisite opportunity to correct.  A Jones Act employer's duty to inspect for dangerous conditions does not include a duty to continuously inspect for such conditions.  In this respect, the fact that the plaintiff can not direct the Court to any statutory or regulatory requirement to "rope off" or mark manholes when open on vessels such as the M/V LOWLAND 5 becomes relevant, as does the lack of evidence that any precaution would have prevented the accident.  Instead, the Court finds that the undisputed facts present circumstances akin to those in *Alfred* and *Montco*, where the employer escaped liability on summary judgment because the employer did not have notice and opportunity to correct an allegedly unsafe condition.

With regard to the expert testimony of Dennis Howard ("Howard"), it appears that the plaintiff does not claim that any of the challenged regulations actually apply to

5

a vessel such as the M/V LOWLAND 5.  The Court does not read the Howard's expert report as basing his opinion on a violation of the regulations cited therein.  Such opinion testimony would be inappropriate given the undisputed fact that the regulations do not apply.

Accordingly,

IT IS ORDERED that the  motion for summary judgment filed by Gaubert Oil Company, Inc. is GRANTED.   (Rec. Doc. 25).

IT IS FURTHER ORDERED that the  motion for summary judgment and motion in limine to exclude the testimony of Dennis Howard filed by Gaubert Oil Company, Inc.  is GRANTED.   (Rec. Doc. 26).

New Orleans, Louisiana, this 7th  day of January, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE