UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD A. TABOR                              CIVIL ACTION

VERSUS                                       NO. 06-9998

GAUBERT OIL COMPANY, INC., ET AL             SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on (1) motion for partial summary judgment filed by Low Land Construction Co. , Inc. ("Low Land"), (2) plaintiff's motion for new trial, reconsideration and/or clarification, (3) Low Land's motion to exclude testimony of Glenn Hebert and (4) plaintiff's motion in limine to exclude testimony of Jack Barnidge.   Having considered the record, the memoranda of counsel and the law, the Court has determined that partial summary judgment is appropriate for the following reasons.

The plaintiff, Donald Tabor ("Tabor") filed this Jones Act/general maritime law action for personal injuries allegedly sustained while working as a seaman on board an unmanned fuel/water barge, BRANT, owned by Gaubert Oil Company, Inc.

1

("Gaubert").   Tabor claims to have sustained injuries when he fell into an open hatch in the floor of the galley of the M/V LOWLAND 5, a vessel owned by Low Land, a manned vessel that had been verbally chartered to transport BRANT for less than two weeks at the time of the accident.   Both vessels were docked at the time of the accident.

Low Land seeks summary judgment on the issue of the employment status of the plaintiff, who claims that he was employed by both Low Land and Gaubert and was a crewmember of both the BRANT and the M/V Low Land 5.   Low Land offers the undisputed facts, supported by the deposition testimony of the plaintiff, that Gaubert paid the plaintiff's wages, that the plaintiff was not employed by Low Land, that the plaintiff was not a member of the crew of the M/V LOW LAND 5 and that the plaintiff did not work on or for that vessel.

First, the plaintiff argues that the barge and the vessel formed a "two-vessel tandem" and that because the plaintiff had access to the M/V LOW LAND 5 and would provide directions to the captain of the M/V LOW LAND 5 as to where to take the barge "when the captain was unsure," he is a seaman as to the M/V LOW LAND 5 and an employee as to Low Land.   (Rec. Doc. 78, p. 7-8).   He argues that because "[t]he function of the tug was to push the barge that Mr. Tabor loaded with fuel and water..." that "loading fuel and water on the barge directly contributed to the function of the

2

Low Land 5." (Rec. Doc. 78, p. 8). "Without a fuel and water barge being loaded and unloaded on the navigable waterways, the Low Land 5 would have no function to which to contribute." (Rec. Doc. 78, p. 8). "The fact that both vessels were required at all times to perform the common work, that they maintained this relationship on a permanent basis, and that the crew members interacted in many important functions of the mission all point to seaman status for Mr. Tabor as to both Gaubert and Low Land." (Rec. Doc. 78, p. 8).

The plaintiff next argues that the "fleet doctrine" operates to confer seaman status on the plaintiff as to M/V Low Land 5. He also argues that he was a borrowed servant of Low Land at all times. Tabor also argues that he had two employers because "Low Land controlled much of Mr. Tabor's activities by deciding how to maneuver the vessels and tie up to the various platforms they serviced." (Rec. Doc. 78, p. 16). Finally, he argues that, in any event, he has an unseaworthiness claim against Low Land under the rationale of *Seas Shipping v. Sieracki*, 328 U.S. 85 (1946).

The plaintiff's various arguments are unpersuasive. The primary issue presented is his employment status with Low Land. The plaintiff recognizes the applicability of *Spinks v. Chevron*, 507 F.2d 216, 224 (5th Cir. 1975), which requires that "[b]y the express

3

terms of the Jones Act an employer-employee relationship is essential to recovery."[1]  A Jones Act employee may have more than one Jones Act employer.  *Stamoulos v. Howland Panama, S.A.*, 610 F.Supp. 454 (E.D.La. 1985)(J. McNamara).  "Control is the essential inquiry."  *Volyrakis v. M/V ISABELLE*, 668 F.2d 863, 866 (5th Cir. 1982).

> Factors indicating control over an employee include payment, direction, and supervision of the employee.  Also relevant is the source of the power to hire and fire.   The control which is exercised must be substantial the mere possibility of some control over the actions of an employee will not suffice to find an employer-employee relationship.

*Id.*, *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 455 (5th Cir. 1980).  The plaintiff provides insufficient evidence of Low Land's control over his activities.  Rather, the deposition testimony establishes only that the plaintiff's had regular communications with the crew of the M/V LOW LAND 5 and access to its facilities.  The plaintiff candidly admitted in his deposition that he had no relevant employment connection to Low Land.

The plaintiff's invocation of the fleet doctrine is also unpersuasive.  That doctrine requires "an identifiable group of vessels either acting together or under one

---

[1] *Barrios v. Louisiana Construction Materials Co.*, 465 F.2d 1157 (5th Cir. 1972), recognized the existence of a seaman's Jones Act claim against his employer who is not the shipowner or operator.  Here, the plaintiff's Jones Act claim against his employer, Gaubert, has been previously dismissed because of Gaubert's lack of control over the condition on the M/V LOW LAND 5, not because of the lack of employment status.

control." *Coakley v. Seariver Marine, Inc.*, 319 F.Supp.2d 712, 715 (E.D.La. 2004)(J. Feldman).  Although the plaintiff relies on *Coakley* to support this argument, that case stated that the goal of the tug "in relation to its tow was simply to transport the barges." Judge Feldman reaffirmed the rule that the group of vessels aboard which the plaintiff works is not a fleet when an owner is not the owner of a finite group of vessels.  A seaman permanently assigned to one vessel has no unseaworthiness claim against a second vessel with which he had only a transitory relationship by arguing that he performed a substantial part of his work aboard a fleet of vessels.  *Reddick v. Daybrook Fisheries, Inc.*, 1997 WL 218252 (E.D.La.(J.Vance).

Finally,  the Fifth Circuit in *Smith v. Harbor Towing & Fleeting, Inc.*, 910 F. 2d 312 (5th Cir. 1990), foreclosed the possibility of maintaining an unseaworthiness claim against a vessel on which the seaman is not a crewmember under *Sieracki*, *supra*.  The undisputed facts indicate that although the plaintiff had access to the M/V LOW LAND 5 for a few days prior to the accident, those involved in the alleged employment triangle agree that the plaintiff was not employed by Low Land and performed substantially all of his work on the barge independent of any control involving Low Land's vessel.

**Motion to reconsider**

The plaintiff has also moved for reconsideration of the Court's ruling that his

employer, Gaubert, is not liable under the Jones Act because it had no notice of or opportunity to correct the unsafe condition which cause the plaintiff's injuries. (Rec. Doc. 38). The plaintiff argues that Gaubert had a duty to inspect the chartered manned vessel under the circumstances presented and would have discovered the covered hatch, which if uncovered, "would present an extremely hazardous and dangerous condition to anybody who was unaware that it had been opened." (Rec. Doc. 58, p. 3). The existence of such a duty is an issue of law, and the plaintiff has yet to offer legal support which recognizes such a duty. The plaintiff bears the burden of establishing a relevant duty. This motion to reconsider raises no new issue of fact or law.

The plaintiff also moves for reconsideration of the granting of the motion in limine with regard to Dennis Howard that was filed by Gaubert. The Court read the focus of that motion as the non-applicability of the regulations upon which the witness relied. (Rec. Doc. 26). Although the Court also recognized that Gaubert could not be held liable as a matter of law, in granting Gaubert's motion for summary judgment, its ruling on the motion in limine went no further than to recognized the inappropriateness of testimony based on inapplicable regulations. (Rec. Doc. 38, p. 6). The Court did not intend to exclude his testimony altogether, but only insofar as any reference to binding regulations is inappropriate. The Court did not construe the motion itself as

challenging the testimony on any other ground.[2]

**Motion to exclude testimony of Glenn Hebert**

Low Land moves to exclude the testimony of Glenn M. Hebert, MRC, regarding the plaintiff's inability to work. The challenged opinion is contained in a reported dated August 7, 2007, and the circumstances regarding the plaintiff's medical condition may have changed since that time. The Court agrees that this expert is not qualified to give a medical determination of disability. An updated report which considers recent medical information would be necessary before a meaningful ruling can be made.

**Motion in limine to exclude testimony of Jack Barnidge**

The plaintiff seeks to exclude the testimony of Jack Barnidge, who opines "Mr. Tabor was informed of this exposure; he was aware of it; and in my opinion he should have been watching where he was going." (Rec. Doc. 51, Exh. A). The dynamics of how the plaintiff fell are fairly easy to understand and may not require expert testimony.[3] The Court's understanding of the exact nature of the remaining claims

---

[2] The Court notes that the motion was filed by Gaubert only. (Rec. Doc. 26, 38).

[3] Again, Low Land has not moved to exclude the proposed expert report of Howard. It should be noted again that Gaubert was dismissed from the plaintiff's Jones Act claims because it did not have sufficient notice of the condition that caused the accident.

against Low Land is not clear, and the nature of those claims would affect the necessity of any expert testimony.  The facts that a guardrail or locked door would have prevented the accident do not require expert testimony.   If, however, a locked door on the vessel would have violated maritime rules, expert testimony may be relevant and the viability of the plaintiff's claim may be undermined.   The Court will dismiss this motion without prejudice to the right to reurge, if appropriate.

Accordingly,

IT IS ORDERED that the motion for partial summary judgment filed by Low Land Construction Co., Inc. is GRANTED.   (Rec. Doc. 57).

IT IS FURTHER ORDERED that the plaintiff's motion for new trial, reconsideration and/or clarification is PARTIALLY GRANTED and PARTIALLY DENIED.   (Rec. Doc.  58).

IT IS FURTHER ORDERED that the motion to exclude testimony of Glenn Hebert filed by Low Land Construction is PARTIALLY GRANTED and PARTIALLY DISMISSED without prejudice.  (Rec. Doc. 54).

IT IS FURTHER ORDERED that the plaintiff's motion in limine to exclude testimony of Jack Barnidge is DISMISSED without prejudice.  (Rec. Doc. 51).   The plaintiff shall file a specification of its remaining claims and the legal basis for each

claim, within ten days of this order.

New Orleans, Louisiana, this 14th day of April, 2008.

                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE